

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA ARELLANO, INDIVIDUALLY § | | |
| AND AS NEXT FRIEND OF § | | |
| MARILYN ARELLANO, § | | |
| Plaintiffs, § | | CIVIL ACTION NO. B-99-017 |
| VS. § | | |
| § | | |
| DILLARD'S DEPARTMENT STORES, § | | |
| INC., and CRIS GUTIERREZ, Individually, § | | |
| Defendants. § | | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND IN LIEU OF BINDING AFFIDAVIT

THE HONORABLE JUDGE OF SAID COURT:

It is a well-established principle that the Jurisdictional Amounts required in federal court were instituted to reduce the number of civil cases that are unnecessarily brought to federal court.

As a matter of fact, the courts have indicated that the removing party has the absolute burden, "more than mere probability," that the jurisdictional amount-in-controversy requirement is satisfied and must show to a legal certainty that claims are not less than the jurisdictional amount in controversy. *Gracie S. Atkins v. Harcros Chemicals*, Inc., 761 F. Supp. 444.

Even the 5th Circuit Court of Appeals has held that "a defendant must establish that an award below the jurisdictional amounts would be outside the permissible range of awards for the type of law suit and cause of action." *Michael Anthony Kliebert v. The Upjohn Company*, 915 F.2d 142 (5th Cir. 1990).

The Defendants, Dillard's Department Stores, Inc., and Cris Gutierrez, Individually, by and through their attorney, Hon Wilkes Alexander, stated in their "First Amended Notice of

Removal" that the matter in controversy *"is believed to exceed the sum of $ 75,000.00 dollars."*

Furthermore, Defendants in their "Defendants' Response to Plaintiffs' Motion to Remand," simply attached a medical report prepared by Dr. Jorge Tijmes whereby they indicate that the Plaintiff, Ms. ARELLANO, needs arthroscopic surgery to the right knee. Although such procedure would cost approximately $ 16,000.00 dollars, said amount would still not come close to the jurisdictional amounts for purposes of federal jurisdiction. Particularly, when viewed in light of all recent slip and fall jury verdicts, in Cameron County, whereby the defense has proven "most victorious" [emphasis added].

Therefore, a defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

Moreover, other cases have held that the defendant must prove to a "legal certainty" that the plaintiff would not recover less than the jurisdictional amount if she prevailed. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

In the instant case, defendants' belief is not founded on fact, nor do defendants offer any specific, reliable evidence that the damages in the instant case will exceed $ 75,000.00 dollars. Similarly, the defendants have not met their burden of establishing that the plaintiffs' damages, to a "legal certainty," have satisfied the amount-in-controversy requirement "at time of removal." *King v. Wal-Mart Stores, Inc., 940 F.Supp.213* (S.D.Ind.1996).

Thus, the defendants have failed to demonstrate with specific information that at the time of removal plaintiffs' pleadings established a basis for a "meaningful comparison." Courts have

held that, even though it is possible that a plaintiff's allegations in the complaint could satisfy the jurisdictional amount in controversy, such speculation does not satisfy the "reasonable probability" standard. ***Reason v. General Motors, Co.***, 896 F.Supp. 829, 835 (S.D.Ind.1995).

In ***Reason***, defendants simply stated that "it was clear, based upon the allegations of plaintiff's complaint" that the case satisfied the jurisdictional amount in controversy. Said allegations were that the plaintiff suffered "pain and injuries," had "incurred medical expenses," will "suffer future pain," and will "incur future medical expenses." The ***Reason*** court held that such general allegations do not facially constitute a dollar amount exceeding the jurisdictional requirement.

Likewise, in our case, the "Defendants' Response to Plaintiffs' Motion to Remand" state that Plaintiffs' medical expenses have increased to $ 32,600.00 dollars. ***See Exhibit "A"*** Furthermore, defendants state that the Plaintiff will undoubtedly seek additional damages for disfigurement, impairment and pain and suffering as a result of any proposed surgical procedures. Defendants further allege that the $ 32,600.00 dollars do not take into account Marilyn's, the child, damages.

Defendants should explain with factual detail that it is reasonable and probable that the plaintiffs' particular injuries will exceed $ 75,000.00 dollars. Defendants have not done so. On the contrary, Defendants cannot satisfy their burden solely through their reliance upon Plaintiffs complaint and/or Dr. Tijmes' report.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ALMA ARELLANO, Individually and As Next Friend of MARILYN ARELLANO, prays that this cause be remanded and Plaintiffs

<u>Brief in support Page 3</u>
arrellano.MOT\GG

move this court for costs and disbursements.

                Respectfully submitted,

By: _____
Carlos H. Cisneros
Bar No. 00793508
Fed. Id No. 21865
845 E. Harrison, Ste. A
Brownsville, Texas 78520
Tel. (956) 504-2260
Fax.(956) 504-5988

RON ARMSTRONG & ASSOCIATES,
CISNEROS & MATTINGLY, P.C.,
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document was on this 28th day of May 1999, forwarded by Certified Mail, return receipt requested, to:

D. Wilkes Alexander
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Ste. 9
Brownsville, Texas 78520

By: _____
Carlos H. Cisneros

**Brief in support Page 4**
arrellano.MOT\GG

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA ARELLANO, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF | § | |
| MARILYN ARELLANO, | § | |
| Plaintiffs, | § | CIVIL ACTION NO. B-99-017 |
| VS. | § | |
| | § | |
| DILLARD'S DEPARTMENT STORES, | § | |
| INC., and CRIS GUTIERREZ, Individually, | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION FOR REMAND

The motion, of Plaintiffs, ALMA ARELLANO, Individually and As Next Friend of MARILYN ARELLANO, to remand the above-entitled action to the 107th Judicial District Court of Cameron County, Texas, in which it was originally brought, having regularly come on to be heard by this Court on the _____ day of _____, 1999, and Carlos H. Cisneros appearing as associate counsel to R.W. Armstrong, for Plaintiffs, and D. Wilkes Alexander appearing as counsel for Defendants, and this Court having considered such motion, Motion for Remand and Brief in Support of Motion to Remand, and all proceedings heretofore had herein, and having considered arguments of counsel, and it appearing to this Court that the above-entitled action was improperly removed hereto since it is a civil action founded on diversity and a claim that the matter in controversy does not exceed the sum of SEVENTY-FIVE THOUSAND ($ 75,000.00) DOLLARS.

THEREFORE IT IS ORDERED that Plaintiffs' motion to remand the above-entitled action to the 107th Judicial District Court of Cameron County, Texas, is GRANTED at Defendants' cost.

SIGNED for entry this the _____ day of _____, 1999.

_____
**JUDGE PRESIDING**

O R D E R
Arellano.MOT\GG

COPIES TO:

R.W. Armstrong
2600 Old Alice Road, Ste. A
Brownsville, Texas 78521-1450

Cisneros & Mattingly, P.C.
845 E. Harrison, Ste. A
Brownsville, Texas 78520

D. Wilkes Alexander
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Ste. 9
Brownsville, Texas 78520

<u>O R D E R</u>
Arellano.MOT\GG

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA ARELLANO, INDIVIDUALLY § | | |
| AND AS NEXT FRIEND OF § | | |
| MARILYN ARELLANO § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-99-017 |
| § | | |
| DILLARD'S DEPARTMENT STORES, INC. § | | |
| and CRIS GUTIERREZ, Individually § | | |
| Defendants § | | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DILLARD DEPARTMENT STORES, INC., and CRIS GUTIERREZ, Individually, Defendants in the above entitled and numbered cause, and files the following as their response to Plaintiffs' Motion to Remand, and would respectfully show this Honorable Court the following:

I.

Plaintiffs claim that their medical specials only amount to approximately only $16,000.00 in their Motion to Remand. Plaintiffs failed to take into consideration a medical report prepared by Dr. Jorge Tijmes, (attached hereto as Exhibit "A") that claims that Alma Arellano is in need of arthoscopic surgery to the right knee. The doctor claims that the related costs for this procedure are as follows:

| | | |
|---|---|---:|
| 1) | Surgical Suite; | $3,000.00 |
| 2) | Anesthesia; | $1,000.00 |
| 3) | Surgical Fees; | $6,000.00 |
| 4) | Assistant's Fees; | $600.00 |
| 5) | Post Operative Physical Therapy; | $6,000.00 |
| | **TOTAL** | **$13,600.00** |

If these expenses are added to the Plaintiffs' admission that their current medical specials are at $16,000.00, Alma Arellano's are increased to 32,600.00. This would place the minimum jurisdictional limits of this Court slightly over two times this one Plaintiff's medical expenses. Furthermore, this Plaintiff will undoubtedly seek additional damages for disfigurement, impairment and pain and suffering as a result of this proposed surgical procedure. This amount does not even take into account any additional claims for damages from Plaintiff, Marilyn Arellano.

WHEREFORE, PREMISES CONSIDERED, Defendants DILLARD DEPARTMENT STORES, INC., and CRIS GUTIERREZ respectfully requests Plaintiffs' Motion to Remand be in all things denied and for such other and further relief at law and in equity to which they may be justly entitled.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520
(956) 542-5666 Telephone
(956) 542-0016 Telecopier

By: _____
D. Wilkes Alexander
State Bar No. 00783527
Federal I.D.No.: 15991

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded to all counsel of record by certified mail, return receipt requested, to-wit:

Mr. Ron Armstrong
Mr. Conrad Bodden
R.W. ARMSTRONG & ASSOCIATES, P.C.
2600 Old Alice Road, Ste. A
Brownsville, Texas 78521

on this 16th day of March, 1999.

_____
D. Wilkes Alexander

# Southern Bone & Joint Center Associates

A PROFESSIONAL CORPORATION

### Jorge E. Tijmes, M.D.
DIPLOMATE OF AMERICAN BOARD OF ORTHOPAEDIC SURGERY
FELLOW OF AMERICAN ACADEMY OF ORTHOPAEDIC SURGERY
MEMBER OF NORTH AMERICAN SPINE SOCIETY

P. O. Box 6209
McAllen, Texas 78502

Phone (956) 687-2032
Fax (956) 687-2761

September 16, 1998

Mr. Ron Armstrong
Attorney At Law
2600 Old Alice Road
Brownsville, Texas 78521

RE:             LETTER OF MEDICAL NECESSITY

PATIENT:   Alma Arrellano
CASE:      6264
D/BIRTH:   04/10/98
D/BIRTH:   12/21/58

Dear Mr. Armstrong,

The patient is a 39-year-old female that sustained injury to her neck, upper back, low back and right knee on 4/10/98 in Brownsville, Texas. She sustained injuries while shopping at Dillard's in Brownsville.

The patient has been treated in conservative treatment with physical therapy by Dr. Melton, D.C. The patient to take oral medications and continues having pain to her low back and right knee.

The patient had an MRI performed on 8/3/98 revealing tear of the posterior horn of medial meniscus, tear of posterior horn of the lateral meniscus extending to the inferior articular surface.

At this point the patient continues very symptomatic to the right knee. She has failed with conservative treatment and is in need of arthroscopy to the right knee. The patient was extensively explained of the planned procedure and she agreed.

Related costs for this procedure includes $3,000.00 for the surgical suite, anesthesia at $1,000.00, surgeon's fees at $6,000.00, assistant's fee at $600.00. Post operative physical therapy at $6,000.00.

EXHIBIT
A

Continued.................
RE: Alma Arrellano

This is a medical necessity and directly related to the 4/10/98 accident.

Sincerely yours,

Jorge E. Tijmes, M.D.

JET/sdlc

2